# United States District Court

### WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>V.<br>**Pamouane Pan Phonephackdy** | **ORDER OF DETENTION PENDING TRIAL**<br>Case Number: 1:08-mj-83 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

   ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

   ☐ an offense for which the maximum sentence is life imprisonment or death.

   ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

   ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq

   ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 33-year-old person of Laotian descent who acquired U.S. citizenship as a juvenile. He lives in the Holland-Zeeland area and indicates he is employed by Gentex. Defendant's employment has not been verified. He and his wife, a permanent resident alien, are currently buying a home. It appears defendant has few assets since he was recently discharged from bankruptcy and all of the property is in his wife's name.

Defendant is addicted to methamphetamine which he uses on a weekly basis. He last used the (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  clear and convincing evidence that

no condition or combination of conditions will assure the safety of the community from further drug trafficking by the defendant, and by a preponderance of the evidence that no condition or combination of conditions will assure the appearance of the defendant for future court proceedings, in light of the unrebutted presumption. While the presumption is easily rebutted, the mere fact that defendant has a family and may be employed (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| Dated: September 4, 2008 | /s/ Hugh W. Brenneman, Jr.<br>*Signature of Judicial Officer*<br>Hugh W. Brenneman, United States Magistrate Judge<br>*Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).



**Alternate Findings (B)** - (continued)

 drug one week prior to his arrest.  He previously used marijuana but his marijuana use declined drastically after he started using methamphetamine.

   Since his arrest, defendant has been indicted by a federal grand jury in the Eastern District of California.  On April 2, 2008, defendant and an accomplice were arrested in Illinois after 223 grams of crystal meth were found concealed in the center console of their vehicle.

**Part II - Written Statement of Reasons for Detention** - (continued)

 is not sufficient under these circumstances.